# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MARY SCHILLACHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:13-cv-05063-SRB |
| | ) |
| CHRISTOPHER ROBERTS, M.D., | ) |
| FREEMAN HEALTH SYSTEM, | ) |
| JOHNSON & JOHNSON, and ETHICON, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Motion to Remand (Doc. #30) and Defendants Christopher Roberts, M.D. and Freeman Health System's Joint Motion to Remand (Doc. #36). For the reasons stated below, the motions are GRANTED. The case is hereby remanded to the Circuit Court of Jasper County, Missouri.

### I.  BACKGROUND

The procedural posture of this case is briefly summarized below. On March 3, 2013, Plaintiff Mary Schillachi filed a petition[1] in the Circuit Court of Jasper County, Missouri, alleging numerous state law medical negligence, vicarious liability, and product liability claims arising from the surgical implantation of a transvaginal mesh device by Dr. Christopher Roberts. On May 10, 2013, Defendants Johnson & Johnson and Ethicon, Inc. ("Ethicon") removed the case to federal court pursuant to diversity jurisdiction, alleging in their Notice of Removal that

---

[1] The Court will hereinafter refer to this initial pleading as "complaint" in order to correspond with the terminology used in the Federal Rules of Civil Procedure.

Defendants Freeman Health System ("Freeman Health") and Dr. Roberts had been fraudulently joined by Plaintiff to defeat complete diversity. Neither Freeman Health nor Dr. Roberts joined the removal. Plaintiff subsequently filed a timely motion to remand on May 23, 2013, arguing this Court lacked subject matter jurisdiction over the case. (Doc. #10). Plaintiff's motion to remand was fully briefed and pending before this Court when the case was transferred to the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1407 as part of the *In re Ethicon, Inc. Pelvic Repair System Products Liability Litig.* multidistrict litigation ("MDL"). (Doc. #24).

As the *In re Ethicon* MDL proceedings progressed over the next seven years, Plaintiff twice renewed her motion to remand in the transferee court. The presiding transferee judge, the Honorable Joseph R. Goodwin, summarily denied Plaintiff's motion to remand on June 8, 2020, in a two sentence Order. (Doc. #43-1, p. 1). Shortly thereafter, the case was remanded back to the Western District of Missouri on June 19, 2020. Plaintiff filed her instant Motion for Reconsideration of Remand on July 1, 2020 (Doc. #30), while Freeman Health and Dr. Roberts filed a joint Motion to Remand on July 13, 2020. (Doc. #36). Johnson & Johnson and Ethicon oppose both motions and ask the Court to sever and dismiss the claims against non-diverse co-defendants Freeman Health and Dr. Roberts due to fraudulent joinder, while keeping Plaintiff's claims against Johnson & Johnson and Ethicon in federal court.

## II. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction. *See In re Bus.*

2

*Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]"  Section 1332(a)(1) requires complete diversity, which means "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand."  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims."  *Murphy v. Aurora Loan Svcs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012).  The Eighth Circuit has articulated the below fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.  "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."  *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977).  However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.  *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).  As we recently stated in [*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (emphasis in original) (footnote omitted). Under *Filla*, a court's fraudulent joinder analysis is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law or fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

### III. DISCUSSION

As a preliminary matter, there is some dispute about whether this Court can review the issues raised by the parties in the instant motions. Johnson & Johnson and Ethicon argue that because Plaintiff's motion to remand was denied by the MDL transferee court, that denial must stand unless Plaintiff can show the transferee court committed a "manifest error of law." (Doc. #43, p. 1). As for the motion to remand filed by Freeman Health and Dr. Roberts, Johnson & Johnson and Ethicon argue the motion relies on the same arguments that were already considered and rejected by the MDL transferee court when it denied Plaintiff's request for remand.

Regarding the legal effect of the MDL transferee court's ruling on Plaintiff's motion to remand, that ruling is interlocutory, not final, and does not prevent this Court from considering the fraudulent joinder issues raised by Plaintiff, Freeman Health, and Dr. Roberts in their instant motions. *See Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (law-of-the-case doctrine, which prevents parties from relitigating a settled issue, applies to final rulings not interlocutory orders); *Fenner v. Wyeth*, 912 F. Supp. 2d 795, 799 (E.D. Mo. 2012) (citations

omitted) (finding that the law-of-the-case doctrine did not apply to an MDL court's rulings on a motion to remand, which is an interlocutory order). As Judge Catherine Perry noted in *Fenner v. Wyeth*, courts are generally hesitant to disturb the prior rulings of an MDL transferee court due to considerations of comity and judicial economy. *See* 912 F. Supp. 2d at 800 (citing MANUAL FOR COMPLEX LITIGATION § 20.133 (4th ed. 2004)). However, this Court must balance concerns of comity and judicial economy against its unflagging responsibility to ensure that subject matter jurisdiction exists in each case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Accordingly, though seven years have passed since this case was initially removed, the Court has a duty to confirm whether it may exercise subject matter jurisdiction over Plaintiff's claims.[2] *See Gonzalez v. Thaler*, 565 U.S. 134, 141, (2012) (noting "[s]ubject-matter jurisdiction can never be waived or forfeited" and such "objections may be resurrected at any point in the litigation").

The parties agree and, based on the nature and severity of the injuries alleged in this case, the Court finds that the amount in controversy in this matter exceeds $75,000. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party invoking jurisdiction has burden to show the claims asserted could satisfy the amount-in-controversy requirement). Further, the citizenship of the parties is not in dispute: (1) Plaintiff is a Missouri

---

[2] The Court notes that when the MDL transferee court denied Plaintiff's motion to remand, it did so summarily with no analysis or discussion. In turn, this Court is left to guess which of Johnson & Johnson and Ethicon's fraudulent joinder arguments the MDL transferee court relied upon in making its determination. Nevertheless, whether the Court evaluates Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 54 or considers the instant motion to remand filed by Freeman Health and Dr. Roberts, the outcome here is the same as the Court finds it lacks subject matter jurisdiction.

citizen, (2) Defendants Freeman Health[3] and Dr. Roberts are both Missouri citizens, and (3) Defendants Johnson & Johnson and Ethicon are both New Jersey citizens.[4] The issue is whether Freeman Health and Dr. Roberts are proper parties to this action or if their fraudulent joinder permits this Court to disregard their non-diverse citizenship and dismiss them.

Since there is not complete diversity among the parties, Plaintiff, Freeman Health, and Dr. Roberts argue the Court lacks subject matter jurisdiction and must remand the case. Johnson & Johnson and Ethicon disagree, arguing that the Court should dismiss the diversity-destroying parties under (1) the theory of fraudulent misjoinder, because Plaintiff's claims against Freeman Health and Dr. Roberts arise out of a different set of operative facts than the claims she asserts against Johnson & Johnson and Ethicon, or (2) the theory of fraudulent joinder, because all the claims against Freeman Health and Dr. Roberts are time barred. Each argument is addressed in turn below.

### A. Fraudulent Misjoinder of Defendants Freeman Health & Dr. Roberts

Johnson & Johnson and Ethicon argue, referring the arguments put forth in their Notice of Removal, that Freeman Health and Dr. Roberts were fraudulently misjoined to this action. Fraudulent misjoinder, essentially a variation of the traditional fraudulent joinder theory, "occurs when a party sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re*

---

[3] Freeman Health Systems is a Missouri corporation with its principal place of business in Joplin, Missouri. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

[4] Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey, (Doc. #1, ¶ 12), while Ethicon is a New Jersey corporation with its principal place of business in Somerville, New Jersey. (Doc. #1, ¶ 13). *See* 28 U.S.C. § 1332(c)(1).

6

*Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). The Eighth Circuit Court of Appeals has not yet adopted the fraudulent misjoinder doctrine, *id.* at 622, and district courts within the Eighth Circuit facing this issue typically "den[y] federal jurisdiction on the basis of fraudulent misjoinder without making a ruling on whether fraudulent misjoinder is a proper legal theory" after finding the theory inapplicable "because common issues of fact and law exist and there is no evidence of fraud in the pleadings." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16-CV-00466-ERW, 2016 WL 2733161, at *3 (E.D. Mo. May 11, 2016) (citations omitted).

The Court finds fraudulent misjoinder is inapplicable in this case. Upon review of the pleadings, there is no indication that the joinder of either Freeman Health or Dr. Roberts is "so egregious and grossly improper under the broadly-interpreted joinder standards" that the application of fraudulent misjoinder is warranted. *In re Prempro*, 591 F.3d at 623–24 (noting courts that have adopted the doctrine consider whether the joinder reflects a "bad faith intent on the part of the plaintiffs to thwart removal"); *accord Crocker v. Allergan USA, Inc.*, No. 4:18-CV-1288-DDN, 2018 WL 7635923, at *4 (E.D. Mo. Dec. 7, 2018).

To the extent Johnson & Johnson and Ethicon argue that joinder of Freeman Health and Dr. Roberts is improper because Plaintiff's claims against them do not arise from the same set of operative facts, the Court disagrees. Freeman Health and Dr. Roberts were joined pursuant to Rule 20, which permits a defendant to be permissibly joined "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). The Eight Circuit has observed this rule should be "read as broadly as possible whenever doing so is

7

likely to promote judicial economy." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 619 (citations omitted).

## B. Fraudulent Joinder of Time Barred Claims Against Co-Defendants

In the alternative, Johnson & Johnson and Ethicon argue Freeman Health and Dr. Roberts were fraudulently joined because their claims are time barred under Missouri law and thus there is no reasonable basis in fact and law supporting the claims asserted against them. Johnson & Johnson and Ethicon argue their co-defendants have taken a "curious" position in this case that is contrary to prior assertions. Freeman Health and Dr. Roberts seek remand and do not assert here an argument that the claim is time-barred. Freeman Health and Dr. Roberts merely incorporate the arguments made by Plaintiff regarding *Fenner*, 912 F. Supp. 2d at 799. Freeman Health and Dr. Roberts also argue that "Ethicon assumes as true that plaintiff's claims were 'fraudulently misjoined,'" but that "the defenses have been raised but not yet factually determined." (Doc. #46, p. 2). There is no pending motion on the statute of limitations issue, and at this point, a valid claim exists against Freeman Health and Dr. Roberts. Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claims and remand is appropriate.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration of Motion to Remand (Doc. #30) and Defendants Christopher Roberts, M.D. and Freeman Health System's Joint Motion to Remand (Doc. #36) are granted. The case is hereby remanded to the Circuit Court of Jasper County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jasper County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2020